CALLAHAN, J., DISSENTING.
 

 {¶15} I respectfully dissent from the majority's resolution of this matter and would reverse the decision of the trial court.
 

 {¶16} "The Sixth Circuit has considered eight factors relevant to the likelihood of confusion: '1. strength of the plaintiff's mark; 2. relatedness of the goods; 3. similarity of the marks; 4. evidence of actual confusion; 5. marketing channels used; 6. likely degree of purchaser care; 7. defendant's intent in selecting the mark; [and] 8. likelihood of expansion of the product lines.' " (Internal quotation marks sic.)
 
 Cesare v. Work
 
 ,
 
 36 Ohio App.3d 26
 
 , 30,
 
 520 N.E.2d 586
 
 (9th Dist.1987), quoting
 
 Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc.,
 

 670 F.2d 642
 
 , 648 (6th Cir.1982).
 

 {¶17} Upon consideration of these factors and the record in this case, I would conclude that Wooster Floral & Gifts has shown by clear and convincing evidence that Green Thumb's use of the internet domain name "woosterfloral.com" is an infringement on the trade name Wooster Floral that has a likelihood of causing confusion as to the source of the goods or services. I would reverse the decision of the trial court and remand the matter for the trial court to enter a judgment in favor of Wooster Floral & Gifts enjoining Green Thumb from using the woosterfloral.com domain name and to consider Wooster Floral & Gifts' claims for money damages for lost revenue and attorney's fees.